| | |
|---|---|
| 1 | WILSON TURNER KOSMO LLP |
| | LOIS M. KOSCH (131859) |
| 2 | NICOLE R. ROYSDON (262237) |
| | 402 West Broadway, Suite 1600 |
| 3 | San Diego, California  92101 |
| | Telephone:  (619) 236-9600 |
| 4 | Facsimile:   (619) 236-9669 |
| | E-mail:  lkosch@wilsonturnerkosmo.com |
| 5 | E-mail:  nroysdon@wilsonturnerkosmo.com |
| 6 | Attorneys for Defendant |
| | PROPULSION CONTROLS ENGINEERING |
| 7 | |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

**'20 CV1957 BEN KSC**

| | |
|---|---|
| DARRELL COLTER, individually, and on behalf of all others similarly situated, | Case No.  37-2020-00030682-CU-OE-CTL [IMAGED] |
| Plaintiff, | **DEFENDANT PROPULSION CONTROLS ENGINEERING'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT** |
| v. | |
| PROPULSION CONTROLS ENGINEERING, a California corporation, and DOES 1 through 10, inclusive, | Complaint Filed:  September 1, 2020 |
| Defendants. | Dept.:       C-74<br>Judge:      Hon. Ronald L. Styn<br>Trial Date:  Not Set |

Defendant PROPULSION CONTROLS ENGINEERING ("Defendant") hereby responds to Plaintiff DARRELL COLTER's ("Plaintiff") Class Action Complaint ("Complaint") on file herein by answering as follows:

**GENERAL DENIAL**

Pursuant to section 431.30 of the California Code of Civil Procedure, Defendant generally denies each and every allegation of Plaintiff's unverified Complaint and every purported cause of action alleged therein.  Defendant further denies that Plaintiff has suffered damages in any sum, and denies Plaintiff is entitled to the relief claimed, or any relief on the grounds alleged or otherwise.

Defendant further answers the Complaint and each and every purported cause of action contained therein by denying that Plaintiff and/or those he seeks to represent have sustained, or will

sustain, any damage in any sum at all by reason of the violation of any statute, regulation, or law, or carelessness or other fault, act, or omission on the part of the answering Defendant, its agents, servants, or employees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred because Plaintiff and/or those he seeks to represent performed their work for Defendant on federal enclaves, and, thus, California law does not apply to their claims.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part because the claims alleged have been waived, discharged, or abandoned.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff and/or those he seeks to represent, if any, are the direct and proximate result of the acts or omissions of parties other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributed to Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has performed and fully discharged any and all obligations and legal duties to Plaintiff and/or those he seeks to represent pertinent to the matters alleged in the Complaint.

///

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant denies that it authorized, ratified, acquiesced in, had knowledge of, had reason to know of, approved of, or directed action by any person or entities, constituting unlawful conduct towards Plaintiff or those he seeks to represent, whether as alleged or otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state facts sufficient to certify a class action pursuant to Code of Civil Procedure section 382 in that there is no ascertainable class and/or subclass, no community of interest among those whom Plaintiff purports to represent, Plaintiff's claims are not typical of the class and/or subclass he purports to represent, common questions of law and/or fact do not predominate, Plaintiff is not an adequate representative of the putative class and/or subclass, and because a class action is not the superior method for adjudicating this dispute, and accordingly, this action is not properly brought as a class action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and the claims of each putative class member are barred because the purported class and subclass definitions are uncertain, ambiguous, and conclusory.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action therein, is barred because Defendant had reasonable grounds for believing that any alleged act or omission was not a violation of any provision of the Labor Code relating to wages or any order of the Industrial Welfare Commission.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action therein, is barred because Defendant reasonably and in good faith believed that it had complied with the alleged provisions of the Labor Code by timely paying Plaintiff and those he seeks to represent for all hours recorded, authorizing and permitting rest breaks, providing meal periods, and providing reimbursement for reasonable and necessary business expenses.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff and those he seeks to represent were paid at the proper rate for all compensable time worked.  For any time Plaintiff and those he seeks to represent were not paid, the time was not

compensable because Defendant had no knowledge that any off-the-clock work occurred, and Plaintiff and those he seeks to represent were neither under Defendant's control nor suffered or permitted to work.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant prohibits off the clock work, reimburses for reasonable and necessary business expenses, authorizes and permits rest breaks, and provides meal periods to its employees. Accordingly, to the extent Plaintiff or those he seeks to represent allege that they worked off the clock, failed to take meal periods and/or rest breaks, or were not reimbursed for their business expenses, Defendant did not authorize, ratify, acquiesce in, have knowledge of, have reason to know of, approve of, or direct action by any person or entities constituting such unlawful conduct towards or by Plaintiff and/or those he seeks to represent, whether as alleged or otherwise.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant provided Plaintiff and those he seeks to represent with meal periods within the standard set forth by *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004. Defendant relieved them from all duty, relinquished control over their activities, permitted them the reasonable opportunity to take uninterrupted 30-minute meal periods, and did not impede or discourage them from taking meal periods.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff or those he seeks to represent had a missed, late, or short meal period for any reason, Defendant paid Plaintiff and/or those he seeks to represent an additional hour of pay; thus, Defendant is not liable for any alleged failure to provide meal periods.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant provided Plaintiff and those he seeks to represent with rest periods within the standard set forth by *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004 and *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257. Plaintiff and those he seeks to represent were authorized and permitted to take uninterrupted and paid 10-minute rest breaks for every four hours they worked, or major fraction thereof.

///

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and those he seeks to represent are not entitled to damages, penalties, or other relief on their wage statement claims under Labor Code section 226 because any alleged failure to provide adequate wage statements, which Defendant expressly denies occurred, was not knowing and intentional.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Complaint and each of its causes of action are barred because Plaintiff is equally responsible for the alleged violations for which he now seeks to redress.

**NINETEENTH AFFIRMATIVE DEFENSE**

Based upon information and belief, Defendant alleges that it timely paid all wages that were legally due and owing to Plaintiff and those he seeks to represent at the time of discharge or quitting; thus, any claim for waiting time penalties pursuant to Labor Code section 203 is barred because any failure to pay wages, which Defendant expressly denies occurred, was not willful.

**TWENTIETH AFFIRMATIVE DEFENSE**

If Plaintiff or those he seeks to represent suffered any loss or detriment as alleged in the Complaint, the loss or detriment was caused and contributed to by the actions of Plaintiff or those he seeks to represent, as Defendant prohibits off the clock work, reimburses for reasonable and necessary business expenses, authorizes and permits rest breaks, and provides meal periods to its employees.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

If Plaintiff or those he seeks to represent suffered any loss or detriment as alleged in the Complaint, the loss, damage, or detriment was not the result of any conduct by Defendant as such alleged off the clock work and failure to take meal and rest periods, which Defendant expressly denies occurred, was against Defendant's policies.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and correct any alleged wrongful conduct. Plaintiff and those he seeks to represent unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to either a one-year or a three-year statute of limitations, pursuant to Code of Civil Procedure sections 340 and 338, such that imposition of a four-year statute of limitations would violate Defendant's due process rights and other constitutional protections.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim under California Business & Professions Code section 17200 *et seq.* violates Defendant's constitutional rights under both the United States and California constitutions. (See e.g., *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116, 138 [acknowledging due process concerns with Cal. Bus. & Prof. Code § 17200].)

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims in the Complaint, either individually or as a class action or representative action, because he has not suffered any damages and, to the extent he has suffered any damages as alleged, such damages were entirely or partially through his own fault.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Without admitting the allegations of the complaint, Defendant alleges that a good faith dispute exists that any wages are due.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Without admitting the allegations of the Complaint, Defendant alleges that any alleged unpaid wage amounts are for *de minimis* time worked.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Injunctive relief is not appropriate because Plaintiff has an adequate legal remedy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to obtain injunctive relief because he is a former employee of Defendant. (See *Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, 1143, fn. 5.)

### THIRTIETH AFFIRMATIVE DEFENSE

Regarding Plaintiff's Fourth, Fifth, Sixth, and Eighth causes of action, attorneys' fees and costs are not recoverable.

///

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Regarding Plaintiff's Eighth cause of action under Business and Professions Code §17200, *et seq.*, Plaintiff has no right to recover damages and attorneys' fees. (See *Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1401; *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 179.)

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Regarding Plaintiff's Fourth and Fifth causes of action, Defendant's alleged failure to pay meal and rest period premiums may not serve as the basis for an award of wage statement penalties under Labor Code section 226 or waiting time penalties under Labor Code section 203.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant currently has insufficient information available upon which to form a belief as to whether it has additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff's Complaint and all claims and causes of action therein be dismissed with prejudice;

2. That Plaintiff and those he seeks to represent take nothing by this action;

3. That judgment be entered against Plaintiff and in favor of Defendant;

4. That Defendant be awarded its costs incurred in this action, including reasonable attorneys' fees; and,

5. That the Court grant Defendant such other and further equitable relief as the Court deems just and proper.

Dated: October 2, 2020               **WILSON TURNER KOSMO LLP**

By: _____
LOIS M. KOSCH
NICOLE R. ROYSDON
Attorneys for Defendant
PROPULSION CONTROLS
ENGINEERING

| SAN DIEGO SUPERIOR COURT, STATE OF CALIFORNIA | COURT USE ONLY |
|---|---|
| TITLE OF CASE (ABBREVIATED)<br>*Colter v. Propulsion Controls Engineering* | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):    TELEPHONE NO.:<br>**WILSON TURNER KOSMO LLP**<br>LOIS M. KOSCH (131859)           Tel. (619) 236-9600<br>NICOLE R. ROYSDON (262237)        Fax: (619) 236-9669<br>402 West Broadway, Suite 1600<br>San Diego, CA  92101 | |
| ATTORNEYS FOR:<br>Defendant Propulsion Controls Engineering | HEARING DATE – TIME | CASE NUMBER:<br>37-2020-00030682-CU-OE-CTL |

**PROOF OF SERVICE—CIVIL**

Check method of service (only one):

|  | ☐ **By Personal Service** | ☐ **By Mail** | ☐ **By Overnight Delivery** |
|---|---|---|---|
|  | ☐ **By Messenger Service** | ☐ **By Fax** | ☒ **By Electronic Service** |

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is:  **402 West Broadway, Suite 1600, San Diego, CA 92101**

3. ☒ The fax number or electronic notification address from which I served the documents is (complete if service was by fax or electronic service):  kcastro@wilsonturnerkosmo.com

4. On October 2, 2020: I served the following documents (specify):

   **1. DEFENDANT PROPULSION CONTROLS ENGINEERING'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT**

☐ The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person(s) served:    Justin F. Marquez, Esq. / Bobby Saadian, Esq. / Benjamin H. Haber, Esq. / Rachel J. Vinson, Esq.

   b. ☐ (Complete if service was by personal service, mail, overnight delivery, or messenger service.) Business or residential address where person was served:

   **WILSHIRE LAW FIRM**
   **3055 Wilshire Blvd., 12th Floor**
   **Los Angeles, California 90010**
   **Telephone: (213) 381-9988**
   **Facsimile: (213) 381-9989**
   *Counsel for Plaintiff*

   c. ☒ (Complete if service was by fax or electronic service.)

   (1) Fax number or electronic notification address where person was served:  justin@wilshirelawfirm.com; classaction@wilshirelawfirm.com; benjamin@wilshirelawfirm.com; rvinson@wilshirelawfirm.com

   (2) Time of service:  approximately 11:40 a.m.

☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and (specify, one):

PROOF OF SERVICE                                                                                                   EXHIBIT C - 53

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Diego, California:

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☒ **By electronic service**. Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in item 5. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  October 2, 2020

_____
Kilsha A. Castro

(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding. I served the envelope or package, as stated above, on October 2, 2020.

Name of person with whom package was left: _____   Time: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 2, 2020

_____          _____
(NAME OF DECLARANT)                                         (SIGNATURE OF DECLARANT)

PROOF OF SERVICE                                                                 EXHIBIT C - 54



# Order #15277903: eFiling

Submitted: 10/2/2020 11:42 AM PT   |   Attorney: Nicole Roysdon   |   Contact: Kilsha Castro

 **Under court clerk review**
10/2/2020 11:42 AM PT

**Court Transaction #2853584**

**MESSAGE FROM ONE LEGAL:** The court has received your filing. This status will be updated and you will receive an email immediately upon completion of the court clerk's review. Although court processing times vary, the court filing date for accepted filings will reflect the date this order was submitted.

**MESSAGE FROM THE COURT CLERK:** This Electronic Filing has been received by the Court and has passed technical validations. -

## Documents

### Returned (0)

Documents will be available here once they are provided by the court's system.

### Your Files (2)

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Answer to Plaintiff's Class Action Complaint | Answer | 7 | Uploaded |
| Proof of Service | Proof of Service | 2 | Uploaded |

## Case Information

**Court**
San Diego County, Superior Court of California (Central - Civil)

**Number**
37-2020-00030682-CU-OE-CTL

**Title**
Colter vs Propulsion Controls Engineering [E-FILE]

**Client Billing Code**
2056.3

EXHIBIT C - 55

© One Legal LLC
Version: 7.0.18876.157-1440 | Customer #0067644

Accessibility statement (https://www.onelegal.com/accessibility/)   |   Privacy policy (https://www.onelegal.com/privacy/)   |   Terms of service (https://www.onelegal.com/terms/)

EXHIBIT C - 56